UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBRA LISEO )<br>    **Plaintiff** )<br>)<br>)<br>)<br>)<br>v. )<br>)<br>DYNAMIC RECOVERY SERVICES, LLC )<br>    **Defendant** )<br>_____ ) | CIVIL ACTION<br><br><br><br><br><br><br><br><br>OCTOBER 27, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed by the defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and includes a pendent claim brought under State law for violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq.*

### II. PARTIES

2. Plaintiff, Debra Liseo, is a natural person residing in Middletown, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. The defendant, Dynamic Recovery Services, ("DRS"), is a Connecticut Limited Liability Company and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

### III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1367, and 1337.

5. This Court has jurisdiction over DRS because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATIONS

7. Plaintiff had purchased a vehicle and had entered into a retail installment sales contract (the "Contract") to finance the purchase of that vehicle which resulted in a consumer debt.

8. The Contract was assigned to Citifinancial Auto.

9. The Contract included a GAP Addendum that provided that in the event that her vehicle was a total loss, Plaintiff was not responsible to pay any balance remaining under the Contract.

10. Plaintiff's vehicle was subsequently totaled and determined to be a total loss, but Citifinancial Auto maintained that Plaintiff owed a balance under the Contract, which claim Plaintiff disputes.

11. Citifinancial Auto retained DRS to collect the alleged debt.

12. In September 2010, a DRS representative named Ken Wallace left four messages on Plaintiffs' voicemail regarding the alleged debt; in each of those messages, Ken Wallace failed to state that the communication was from a debt collector or that DRS was attempting to collect a debt.

13. In one of the aforementioned messages, Ken Wallace referred to a Citifinancial complaint and referenced a complaint number.

14. Also in September 2010, a DRS representative called and spoke with Plaintiff regarding the alleged debt, and during that conversation, that DRS representative told Plaintiff that she still owed a debt to Citifinancial Auto under the Contract.

## V. COUNT ONE

### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

15. Plaintiff incorporates Paragraphs 1-14.

16. DRS violated the FDCPA in one or more of the following respects:

    a. DRS violated 15 U.S.C. § 1692e(10) by deceptively misrepresenting that Plaintiff still owed a debt under the Contract.

    b. DRS violated 15 U.S.C. § 1692e(11) by leaving messages that failed to inform Plaintiff that the communication was from a debt collector.

    c. DRS violated 15 U.S.C. § 1692f(1) by attempting to collect an invalid debt.

    d. DRS violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character and amount of the alleged debt.

  e. DRS violated 15 U.S.C. §§ 1692e(3) and 1692e(10) by leaving a message that falsely implicated that the communication was from an attorney or that a lawsuit was pending or about to be filed.

  f. DRS violated 15 U.S.C. § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiff.

  g. DRS violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt as described above.

17. For DRS's violations of the Fair Debt Collection Practices Act as described above, the Plaintiff is entitled to recover actual damages, statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## VI. COUNT TWO

### Violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq.*

18. Plaintiff incorporates Paragraphs 1-14.

19. DRS violated the Connecticut Unfair Trade Practices Act Conn. Gen. Stat. §§ 42-110a *et seq.* by their debt collection activities described above.

20. The DRS's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers, especially Plaintiff.

21. Plaintiff suffered an ascertainable loss because of the DRS's aforementioned actions.

22. DRS violated the Connecticut Unfair Trade Practices Act Conn. Gen. Stat. §§ 42-110a *et seq.* and is liable to Plaintiff for her monetary damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, the Plaintiff seeks recovery of monetary damages (including emotional distress damages) pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

PLAINTIFF, DEBRA LISEO

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
Matthew W. Graeber, Fed Bar No. ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax (860) 571-7457